IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| UNITED TAX GROUP, LLC, | ) | Case No. 14-10486 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| George L. Miller, Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 16-50088 (LSS) |
| | ) | |
| v. | ) | |
| | ) | |
| Edward Welke | ) | |
| | ) | |
| and | ) | |
| | ) | |
| John Does 1 – 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION[1]

Before the Court is a motion for judgment on the pleadings in response to the Trustee's complaint asserting preference and fraudulent conveyance claims. For the reasons that follow, the Court will grant the motion and dismiss the complaint, without prejudice and with leave to amend, if appropriate.

---

[1] The Court is not required to state findings of fact or conclusions of law on a motion for judgment on the pleadings. *See* Fed. R. Bankr. P. 7052(a)(3). Accordingly, the facts recounted in the background section are set forth in the complaint, as required on a Rule 12(c) motion. *See Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, No. CV 14-874, 2015 WL 4036951, at *5 (D. Del. July 1, 2015), *report and recommendation adopted*, No. 14-874, 2015 WL 4477699 (D. Del. July 22, 2015).

*Background*

On March 5, 2014, United Tax Group (the "Debtor") filed a voluntary petition under chapter 7 of title 11 of the United States Bankruptcy Code. Plaintiff George L. Miller is the chapter 7 trustee. Prior to filing bankruptcy, the Debtor was in the business of providing tax preparation services to consumers. Per the Statement of Corporate Ownership filed with the petition: (i) Allerand LLC owns 100% of the Debtor's capital interest and 90.01% of the Debtor's profit interest; and (ii) ECW Investco, LLC held the remaining 9.99% of the Debtor's profit interest.

SWZ Financial II, LLC is an entity that is 50% owned by Allerand and 50% owned and/or controlled by Richard J. Sabella. On or about April 11, 2012, SWZ and the Debtor entered into a credit agreement whereby SWZ would loan Debtor up to $1 million at 18% interest. SWZ was obligated to advance $501,000 at closing. Payments were interest only for the first six months, with the balance of the note paid over the next 36 months. The loan was funded (in the amount of $501,000) on April 11, 2012. Defendant Edward Welke ("Welke") was a manager and/or managing member of SWZ.

The records for the Debtor's PNC bank account indicate that, prior to the bankruptcy filing, the Debtor made transfers from March 7, 2012 through October 1, 2013 totaling $821,402.69 on an "AmEx" account. Plaintiff alleges that the transfers were made to Mr. Welke for his benefit, and that he was the initial transferee or the beneficial transferee of the transfers. Plaintiff also alleges that the Debtor's tax returns "suggest" that the Debtor was balance sheet insolvent at the beginning of 2012.

On March 3, 2016, the Trustee filed this adversary proceeding against Mr. Welke and John Does 1-100.[2] Mr. Welke filed his answer on April 14, 2016[3] and filed this motion for judgment on the pleadings on June 1, 2016.[4] In his answer, Mr. Welke denies operative paragraphs of the Complaint. In his opening brief[5] in support of this motion, he alleges that the Trustee's Complaint does not satisfy applicable pleading standards and that it was filed to harass Mr. Welke for his refusal to settle an adversary proceeding filed against SWZ. Mr. Welke also asks for attorney's fees.

*Jurisdiction*

The Court has subject matter over this adversary proceeding. *See* 28 U.S.C. §§ 157 and 1334. Notwithstanding Federal Rules of Bankruptcy Procedure 7008 and 7012, neither party alleges whether the counts in the Complaint assert core or not core causes of action. It appears that they are core. *See* 28 U.S.C. § 157(b)(2)(F), (H). Even if not, however, "[t]he Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks the authority to enter a final order on the merits."[6]

---

[2] *See Complaint of George L. Miller, Chapter 7 Trustee, Against Edward Welke and John Does 1-100 Pursuant to 11 U.S.C. §§ 544 and 548, Florida Statutes Title XLI, § 726.105 et seq., Federal Rule of Bankruptcy Procedure 7001, and Applicable Law* (the "Complaint") (D.I. 1).
[3] *See Defendant Edward Welke's Answer and Affirmative Defenses* (D.I. 5).
[4] *See Defendant Edward Welke's Motion for Judgment on the Pleadings* (D.I. 6).
[5] *See Opening Brief in Support of Edward Welke's Motion for Judgment on the Pleadings* (D.I. 7).
[6] *In re Innovative Commc'n Corp.*, No. 07-30012, 2013 WL 1795940, at *1 (Bankr. D.V.I. Apr. 29, 2013).

3

*Discussion*

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay a trial—a party may move for judgment on the pleadings."[7] Such a motion is, essentially, identical to a motion to dismiss a complaint under Rule 12(b)(6) for failure to state a claim, except that it is brought after, not before, the pleadings are closed.[8] Accordingly, a motion for judgment on the pleadings under Rule 12(c) based on a failure to meet pleading requirements is analyzed like a motion to dismiss under Rule 12(b)(6).[9] A motion for judgment on the pleadings will be granted if the plaintiff "has not articulated enough facts 'to raise a right of relief above the speculative level.'"[10]

In reviewing the complaint under Rule 12(b)(6), the court must first accept all well-pled facts as true, but may disregard legal conclusions.[11] Then, the court must determine whether the facts, as pled, are sufficient to show that the plaintiff has a "plausible claim for relief."[12] "A claim is facially plausible when the factual allegations allow the court to draw

---

[7] Federal Rule of Civil Procedure 12(c) applies in adversary proceedings. *See* Fed. R. Bankr. P. 7012(b).
[8] *See Zazzali v. Goldsmith (In re DBSI Inc.)*, No. 08–12687, 2013 WL 1498365, at *2 (Bankr. D. Del. Apr. 11, 2013); *see also Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, 2015 WL 4036951, at *5 (citing *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 995, 178 L.Ed.2d 825 (Jan. 18, 2011)) (the distinction between a motion to dismiss and a motion for judgment on the pleadings is one of form only).
[9] *See Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, 2015 WL 4036951, at *5 (citing *Revell v. Port Auth., of New York, New Jersey* 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied*, 131 S.Ct. 995, 178 L.Ed.2d 825 (Jan. 18, 2011)).
[10] *Bangura v. City of Philadelphia*, 338 Fed.Appx. 261, 264 (3d Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[11] *See In re THQ, Inc.*, No. 12–13398, 2016 WL 1599798, at *2 (Bankr. D. Del. Apr. 18, 2016).
[12] *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted) (Although detailed factual allegations are not required, the complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

the reasonable inference that the defendant is liable for the misconduct alleged."[13] It is not sufficient to plead "threadbare recitals of a cause of action's elements supported by mere conclusory statements . . . ."[14] Rather, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[15] A court draws on "its judicial experience and common sense" to determine if the complaint meets these requirements.[16] The moving party has the burden.[17]

### B. Count I:  Avoidance of Preferential Transfers Under 11 U.S.C. § 547(b) (Against Welke)

In order to survive a motion to dismiss, a preference complaint must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of transfer."[18] Defendant argues that the Trustee has failed to allege any antecedent debt and does not plead how the alleged transfers benefited Mr. Welke.  The Trustee, in his answering brief contends that even a "cursory review" of the Complaint identifies the antecedent debt as the credit card obligations referenced in paragraph 14, and that he has identified each transfer, the date of each transfer, the name of the transferor and the name of the transferee.  He also asserts that the Trustee has adequately pled the other elements of § 547.

---

[13] *Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, 2015 WL 4036951, at *5 (citing *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56).
[14] *Iqbal*, 556 U.S. at 663.
[15] *Twombly*, 550 U.S. at 562.
[16] *THQ, Inc.*, 2016 WL 1599798, at *2.
[17] *Id.*
[18] *THQ, Inc.*, 2016 WL 1599798, at *3 (citing *OHC Liquidation Tr. v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510, 521-22 (Bankr. D. Del. 2006)); *see also Valley Media, Inc.*, 288 B.R. 189, 192 (Bankr. D. Del. 2003)).

The Court agrees with the Defendant. With respect to the alleged preferences, while the Trustee has identified a date of transfer, "an account," and the amount of each transfer, he has not identified the transferee of each transfer. Further, the Trustee has not identified the nature and amount of each alleged antecedent debt. The only debt alleged in the Complaint—and thus the only debt that could be an antecedent debt—is the debt to SWZ. In the answering brief, however, the Trustee alleges that the antecedent debt is the "credit card obligations" referenced in paragraph 14 of the Complaint. The credit card obligations are not alleged in the Complaint and the court will not infer them given the pleading of another debt. Further, even assuming the Court could infer credit card obligations as the antecedent debt, the Court cannot infer the amount of each credit card obligation nor the date on which each obligation was incurred. Payment of an invoice is not necessarily payment of an antecedent debt.[19]

The Trustee has not sufficiently pled all elements of a preferential payment.

### C. Count II: Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548(b)(1)(B) (Against Welke)

To survive a motion to dismiss on a fraudulent transfer claim under § 548(a)(1)(B) of the Bankruptcy Code, a plaintiff must allege more than the statutory elements.[20] While a plaintiff pleading constructive fraud (as opposed to actual fraud) does not need to meet the heightened standard of Fed. R. Civ. P. 9(b), he still must allege "specific facts showing the

---

[19] Payment made on the invoice date or shortly thereafter is not generally on account of an antecedent debt. *See In re Anderson News, LLC*, No. 09–10695, 2012 WL 3638785, at *2 (Bankr. D. Del. Aug. 22, 2012).

[20] *See Zazzali v. 1031 Exchange Group LLC (In re DBSI, Inc.)*, 476 B.R. 413, 423 (Bankr. D. Del. 2012).

6

debtor's financial position and the value of what was received in exchange for the transfer."[21]

Defendant contends that Count II merely parrots the elements of the statute and that the Trustee neither alleges facts showing that it was insolvent on the date of each transfer or that Debtor received less than reasonably equivalent value in exchange for the payments made on the AmEx account. The Trustee contends that it has sufficiently pled insolvency by alleging possible balance sheet insolvency at the beginning of calendar year 2012, which predates each alleged preferential transfer. He further argues that he should not have to "prove a negative" with respect to reasonably equivalent value as there is an "absence of available proof" to demonstrate to the Trustee that the Debtor received reasonably equivalent value for the transfers.

The allegations of insolvency are not enough. The Trustee alleges that: "[t]he Debtor's records, including the Debtor's tax returns, suggest that the Debtor was insolvent on a "balance sheet" basis at the beginning and end of calendar year(s) [sic] 2012."[22] For purposes of a motion to dismiss, this allegation is too conclusory for those transfers made in 2012.[23] And, as there is not even a conclusory allegation of insolvency after December 31,

---

[21] *Id.*; *see also In re Aphton Corp*, 423 B.R. 76, 90 (Bankr. D. Del. 2010) ("There are two elements that must be facially plausible in order to survive a motion to dismiss claims for constructive fraudulent transfer: (i) the debtor's insolvency; and (ii) whether the debtor received reasonably equivalent value for the transfer.").

[22] Complaint ¶ 17.

[23] *Cf. In re Charys Holding Co., Inc.*, No. 08–10289, 2010 WL 2788152, at *6 (Bankr. D. Del. July 14, 2010) (the following allegations were sufficient to allege insolvency: (i) as of a specific date, debtor had total tangible and intangible assets of $245,000,000 and total liabilities of $255,000,000, (ii) a significant portion of the intangible assets was the goodwill from various acquisitions, and (iii) the goodwill had no value because of a "going concern opinion" issued by the debtor's outside accountant).

2012, the Trustee has not sufficiently pled insolvency with respect to those transfers made in 2013.[24]

Further, the Trustee fails to set out a factual basis for his contention that the Debtor received less than a reasonably equivalent value for the transfers on the AmEx account.[25] "To plead lack of reasonably equivalent value exchanged sufficiently . . . , the [t]rustee must present some information of the value of what [debtor] received in exchange for the [t]ransfers."[26] Here, the Complaint states simply: "[t]he Debtor received less than a reasonably equivalent value in exchange for the [t]ransfers."[27] There are no allegations regarding what Debtor received in exchange for the transfers on the AmEx account. As there are no factual allegations, the Court is unable to draw any reasonable inferences from the Complaint.

Finally, the Court rejects the argument that the Trustee can skirt the requirement that he present at least some information of the value the Debtor received in exchange for the alleged constructively fraudulent transfers or that he should be entitled to proceed with discovery to gain more information based on the blanket assertions in the Complaint. Simply asserting that Defendant is an insider and that there is an "extensive web of connections between Welke, the Debtor and [SWZ]" provides no basis for the Court to infer that the Debtor did not receive any value in exchange for payment of an AmEx account, or

---

[24] *Cf. In re Charys Holding Co., Inc.*, 2010 WL 2788152, at *6 (complaint alleged that transfer was made on January 28, 2008 and that debtor "remained insolvent from October 31, 2007 until it filed the petition for bankruptcy [February 14, 2008]").

[25] The Trustee also asserts that at the time of the transfers, Debtor was engaged or about to be engaged in a business for which the Debtor's remaining assets were unreasonably small in relations to its business, and that at the time the transfers were made, the Debtor would incur debts beyond its ability to pay as the debts became due. There are no facts in the Complaint to support these allegations or from which the Court can infer these bald assertions.

[26] *In re Innovative Commc'n Corp.*, 2013 WL 1795940, at *7.

[27] Complaint ¶ 27.

that Mr. Welke received a benefit therefrom. Under these circumstances, the Court cannot find that the Trustee has shown that the claim in Court II is facially plausible.[28]

### D. Counts III-V: Avoidance of Fraudulent Transfers Under Florida Law (Against Welke)

In Count III, the Trustee alleges that the transfers relating to the AmEx account were constructively fraudulent under Florida law as to present and future creditors for the same reasons set forth in Court II. In Count IV, the Trustee alleges that the transfers on the AmEx account were constructively fraudulent under Florida law as to present creditors because the Debtor did not receive a reasonably equivalent value, was insolvent when the transfers were made, or the Debtor became insolvent as a result of the transfers. Again, the Trustee merely parrots the Florida statute. For the same reasons as set forth above, the Court cannot find that the Trustee has shown that the claims in Court III and IV are facially plausible.

### E. Count V: Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544 and Florida Statutes Title XLI § 726.106(2) (Against Welke)

In Court V, the Trustee alleges that Welke was an insider for purposes of the Bankruptcy Code and applicable Florida law, and, as such, any transfer made to him was constructively fraudulent as to present creditors. As presented in the Complaint, the Florida law permits recovery of a fraudulent transfer to an insider if it was for an antecedent debt, the debtor was insolvent at the time, and the insider had reasonable cause to believe that the debtor was insolvent. As above, there are no facts pled to support this claim, but merely

---

[28] *In re US Digital, Inc.*, 443 B.R. 22, 38-40 (Bankr. D. Del. 2011) (dismissing constructive fraudulent transfer counts when trustee did not plead any facts to support bare assertion that payment did not result in the return of equivalent value to the debtor); *see also In re The Brown Sch.*, 386 B.R. 37, 52-53 (Bankr. D. Del. 2008) (dismissing claims for constructive fraudulent conveyance against defendants who plaintiff speculated received benefit from alleged transfers made to others, and rejecting trustee's argument that he should be entitled to take discovery on this subject).

conclusory statements parroting the Florida statute. Accordingly, the Court cannot find that the Trustee has shown that the claims in Count V are facially plausible.

### F. Counts IV-VII: Recovery of Avoided Transfers Under 11 U.S.C. § 550 (Against John Welke and John Does 1-100) and Recovery of Avoided Transfers Under Florida Statutes Title XLI § 726.108 (Against Welke and John Does 1-100)

Counts VI and VII seek recovery of any avoided transfers under § 550 of the Bankruptcy Code and the Florida analogue, respectively. Because the Court is dismissing Counts I-V of the Complaint, the Court will dismiss these counts as well.[29]

### G. The Trustee will be Granted Leave to Amend the Complaint and Mr. Welke's Request for Attorneys Fee is Held in Abeyance

In his answering brief, the Trustee, alternatively, seeks permission to amend the Complaint to address any deficiencies. Mr. Welke objects to this request arguing that the information within the possession of the Trustee, including the bank statements, show that all of the transfers made on account of the AmEx account were for legitimate business expenses, with the majority of those expenses being lead generating accounts. Mr. Welke, thus, argues that "these facts show both futility and bad faith" on the part of the Trustee.

The "facts" that Mr. Welke alludes to are not part of the record of this adversary proceeding. The Court, therefore, cannot make a determination in the context of this motion for judgment on the pleadings that the filing of an amended complaint would be futile or in bad faith, so amendment will be permitted.[30] Mr. Welke's request for attorneys fees will be held in abeyance per the accompanying order.

---

[29] See THQ, 2016 WL 1599798 at *4.
[30] See Accurso v. Infra-Red Services, Inc., 23 F.Supp.3d 494, 501 (E.D. Pa. 2014) (amendment should be permitted in Rule 12(c) context the same as it would be in the a Rule 12(b)(6) context); see also Andela V. Am. Ass'n for Cancer Research, 389 Fed.Appx. 137, 142 (3d Cir. 2010) (per curiam) (citing Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) ("This Court has held that, when a complaint is vulnerable to dismissal on the pleadings, 'a district court must permit a curative amendment, unless an amendment would be inequitable or futile.'").

*Conclusion*

For the reasons set forth above, the Court will grant the motion and dismiss the Complaint without prejudice to the filing of an amended complaint which adequately pleads facts to support the Trustee's claims. An order follows.

Dated:  December 13, 2016

_____
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE